Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered August 15, 2011 in a personal injury action. The order and judgment granted the motion of defendant for summary judgment, dismissed the complaint and denied the motion and cross motion of plaintiff for summary judgment.
It is hereby ordered that the order and judgment so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when a vehicle operated by defendant collided with her vehicle in March 2008. According to plaintiff, her prior back and neck injuries were exacerbated by the accident. Supreme Court properly granted defendant’s motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied plaintiff’s “motion and cross motion” for summary judgment on the issues of negligence and serious injury. Defendant met his initial burden on the motion “by submitting medical records and reports constituting ‘persuasive evidence that plaintiffs alleged pain and injuries were related to . . . preexisting condition[s]’ ” rather than the 2008 accident (Spanos v Fanto, 63 AD3d 1665, 1666 [2009]). Plaintiffs medical records demonstrated that she sustained injuries from a March 2002 motor vehicle accident. *1350 Plaintiff complained to her medical providers of severe neck and lower back pain after the 2002 accident and, in May 2006, she underwent a spinal fusion. In November 2006 she obtained Social Security disability benefits for a “ ‘severe’ impairment” consisting of “lumbar back problems and status post surgery, with chronic pain.” Plaintiff continued to complain of neck pain and lower back pain until the date of the 2008 accident.
Defendant also submitted the report of a physician who reviewed plaintiff’s medical records and examined her on defendant’s behalf. The physician opined that “[t]he symptoms that [plaintiff] had before [and after] March . . . 2008 . . . are essentially one in the same,” and that there were no new abnormalities or disc problems attributable to the 2008 accident. Defendant submitted the affirmation of another physician who reviewed plaintiffs medical records at defendant’s request, and he also concluded that plaintiff’s “imaging studies that were performed prior to and subsequent to the [2008] accident . . . are essentially the same[, and her] cervical spine and lumbar spine complaints prior to and subsequent to the [2008] motor vehicle accident . . . are virtually the same.” In addition, defendant submitted the affirmation of a third physician who reviewed plaintiffs diagnostic films, and he too found no evidence of a traumatic injury to the spine attributable to the 2008 accident.
The burden therefore shifted to plaintiff “to come forward with evidence addressing defendant’s claimed lack of causation” (Carrasco v Mendez, 4 NY3d 566, 580 [2005]). Plaintiff submitted the affidavit of her treating physician, who noted “a significant disc herniation broad based with foraminal encroachment at L4-L5” on an MRI performed after the 2008 accident and recommended surgery. In April 2009 he performed “an acute discectomy at L4-5 with posterior lumbar interbody fusion to repair the L4-5,” but plaintiff continued to have back pain after the surgery. Plaintiffs treating physician opined that the 2008 accident caused the “large lumbar disc herniation at L4-5” and accounted for a persistent worsening of her pain symptoms. Although that affirmation was sufficient to raise a triable issue of fact concerning the existence of a new injury, plaintiff failed to raise a triable issue of fact whether she had any new physical symptoms, i.e., worsening of her pain or limitations, that were attributable to the 2008 accident. Once defendant met his initial burden, plaintiffs treating physician was required “to adequately address plaintiff’s preexisting . . . condition” (Franchini v Palmieri, 1 NY3d 536, 537 [2003]). In light of the evidence submitted by defendant establishing that plaintiff had *1351 no new symptoms or pain complaints after the 2008 accident, plaintiff was required to offer some explanation with respect to how her current limitations were caused by that accident rather than the preexisting condition. In the event that plaintiffs treating physician was unable to do so by giving a quantitative comparison of plaintiffs limitations before and after the 2008 accident, he was required to give a qualitative comparison (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]). Here, however, he failed to provide either comparison. His statement that plaintiff had a “persistent worsening” of symptoms was conclusory, and he “failed to refute the opinion of defendant’s expert[s] that plaintiff did not sustain a functional disability or limitation related to the [2008] accident by, for example, comparing plaintiff’s pre- and post-accident range of motion restrictions in her neck or back or assessing her pre- and post-accident qualitative limitations” (Overhoff v Perfetto, 92 AD3d 1255, 1256 [2012]).
In light of our determination, we do not address plaintiff’s contention that she is entitled to summary judgment on the issue of defendant’s negligence.
All concur except Sconiers and Martoche, JJ., who dissent and vote to modify in accordance with the following memorandum.